IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JANET L. OSBORNE, M.D., FACOG, FACS,    )
    )
    *Plaintiff,*    )
    )
v.    )   Case No.: 7:12cv00099
    )
BED BATH & BEYOND INC.    )
*and*    )
LOSOREA PACKAGING INC.    )
    )
    *Defendants.*    )

## PLAINTIFF JANET OSBORNE'S OBJECTION TO MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT

Janet L. Osborne, M.D. ("Osborne"), by counsel, files this Objection to the Motion of Defendant Bed Bath & Beyond, Inc. ("BBB") to file a Third Party Complaint against NHG Liquidation, Inc. f/k/a NAPA Home & Garden, Inc. ("NAPA") and Fuel Barons, Inc. ("Fuel Barons"), on the following grounds:

1.    Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to add a nonparty who is or may be liable to the third party plaintiff on all or part of plaintiff's claim. In other words, as the language of the Rule suggests, a third party claim under Rule 14 can be maintained only if the liability asserted is in some way derivative of the main claim. Kohl's Department Stores, Inc. v. Target Stores, Inc., 214 F.R.D. 406, 413 (E.D. Va. 2003). Accordingly, BBB's claim of contribution is only available under Virginia law if both BBB and the third party defendants are liable to Plaintiff Osborne for the same indivisible injury. Kohl's, *Id.* at 414. Further illustrating the derivative nature of third party practice envisioned

by Rule 14, it further provides that a plaintiff may assert a claim against the third party defendant(s) arising out of the same occurrence. Rule 14(a)(3).

2.    In construing BBB's exhibits to its Motion in which the NAPA and Fuel Baron's bankruptcy courts narrowly lift the bankruptcy stay to only allow (1) the filing of cross claims and (2) certain limited discovery within the bankruptcy court setting, it is apparent that Plaintiff Osborne may not assert her own claim against the potential third party defendants despite the language of Rule 14. It is further apparent that Plaintiff Osborne's recovery, if any, against these bankrupt entities may only occur in the bankruptcy setting and not in the pending action. In effect, the bankruptcy Orders destroy the derivative nature of these potential third party claims.

3.    The NAPA bankruptcy Order also makes clear that any potential judgment received by BBB against the bankrupt entity shall have no effect on BBB's potential recovery against the bankrupt entity within the confines of the bankruptcy proceeding. This raises questions regarding the reason why BBB has elected to pursue this Motion. Plaintiff Osborne has requested clarification from counsel on this issue.

4.    If this Court were to allow the filing of third party complaints against NAPA and Fuel Baron's, the bankruptcy Orders create a situation in which this Court and two separate bankruptcy courts will be governing any potential discovery undertaken by the third party plaintiff against the bankrupt entities. This raises significant questions regarding whether Plaintiff Osborne would be compelled to participate in discovery in distant jurisdictions and further raises questions regarding the admissibility of any such evidence.

5.    Any potential recovery by Plaintiff Osborne against NAPA and Fuel Baron's will occur within the confines of the bankruptcy proceedings. Accordingly, once the debtors

receive a discharge in bankruptcy, Plaintiff Osborne's potential claims are extinguished. Accordingly, this is not an appropriate forum for BBB to pursue its own claims against NAPA or Fuel Baron's under these circumstances.

6.     With regard to the potential for prejudice to Plaintiff Osborne, the bankruptcy Orders make clear that the bankrupt entities may elect to participate or not in this case.  If they choose to participate and mount a defense to the third party claims, this will likely result in additional delay and expense to Plaintiff Osborne.   If they do not participate, certainly jury confusion will result from the "empty chairs" at trial.

7.     Finally, it is Plaintiff Osborne's understanding that all of the bankrupt entities' available insurance coverage applicable to personal injury claims arising from use of the products at issue is being distributed by the bankruptcy courts, which will extinguish BBB's ability to recover against these entities once that process is completed.   Accordingly, to unnecessarily waste judicial resources and attorney fees on claims for which a recover shall never be had does not meet the underlying intent of Rule 14.

Accordingly, for the reasons set forth herein, Plaintiff Osborne respectfully urges this Court to deny defendant BBB's Motion.

*Respectfully submitted,*

JANET L. OSBORNE, M.D., FACOG, FACS


By:    /s/ MELISSA W. ROBINSON
Melissa W. Robinson, Esquire (VSB #29065)
Johneal M. White, Esquire (VSB #74251)
Attorney for Janet Osborne
GLENN ROBINSON & CATHEY PLC
Fulton Motor Lofts
400 Salem Avenue, S.W. - Suite 100
Roanoke, Virginia  24016
(540) 767-2200 – Phone
(540) 767-2220 – Fax
mrobinson@glennrob.com – Email

*and*

C. Kailani Memmer, Esquire (VSB #34673)
Guynn, Memmer & Dillon, P.C.
415 S. College Avenue
Salem, Virginia  24153
(540) 387-2320 - Phone
(540) 389-2350 – Fax
kai.memmer@gmdlawfirm.com - Email

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David W. Hearn, Esquire
Justin W. Ward, Esquire
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA 23219-1998
   *Counsel for Bed Bath & Beyond, Inc.*

C. Paige Bobick, Esquire
Melissa Wolf Riley, Esquire
McGUIREWOODS, LLP
310 Fourth Street, N.E., Suite 300
Post Office Box 1288
Charlottesville, VA 22902
   *Counsel for Losorea Packaging, Inc.*

By: /s/  MELISSA W. ROBINSON