UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JANET L. OSBORNE, M.D., FACOG, FAC,

Plaintiff,

v.

BED BATH & BEYOND, INC., and LOSOREA PACKAGING, INC.

Defendants.

Civil Action No.: 7:12-cv-00099

**DEFENDANT LOSOREA PACKAGING, INC'S MEMORANDUM OF LAW IN SUUPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant, Losorea Packaging, Inc. (hereinafter, "Defendant" or "Losorea"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), hereby provides this memorandum in support of its motion for entry of a Protective Order staying all discovery outside the scope of personal jurisdiction until disposition of the Defendant' Motion to Dismiss for Lack of Personal Jurisdiction.

## I. INTRODUCTION

The named plaintiff, Janet L. Osborne, M.D., FACOG, FAC ("Plaintiff" or "Osborne") brought the present products liability action against Bed Bath and Beyond, Inc. ("Bed Bath and Beyond") on February 29, 2011. (Dkt. No. 1) Plaintiff's Complaint alleges claims related to injuries she allegedly sustained through the use of Napa Home & Garden, Inc.'s "firepot" and "FIREGEL". *See* Compl. at ¶17. In response to Plaintiff's

Complaint, Bed Bath & Beyond filed a Motion to Dismiss for Failure to State a Claim on June 8, 2012. (Dkt. No. 6). Losorea, a Georgia corporation without minimum contacts sufficient to satisfy Virginia's long arm statute or the Due Process Clause of the United States Constitution, filed a Motion to Dismiss for Lack of Personal Jurisdiction on June 11, 2012 (Dkt. No. 10). Both Bed Bath & Beyond and Losorea's Motions to Dismiss have now been fully briefed and are set for oral argument before this honorable Court on September 14, 2012 (Dkt. No. 21).

The Court issued a Scheduling Order (Dkt. No. 16) in this matter on June 21, 2012. In accordance with that scheduling order the parties conferred for a Rule 26(f) conference, submitted the appropriate report to the Court, and have now exchanged Rule 26(a)(1) Initial Disclosures. Trial is currently scheduled in this matter for July 29-31, 2013. Discovery is due to be completed 90 days before trial, just shy of nine months from the date of filing.

Plaintiff issued its Interrogatories and First Requests for Production of Documents on July 27, 2012. These extensive discovery requests including 21 interrogatories and 34 requests for production go well beyond the issue of the Court's jurisdiction over Defendant Losorea. Losorea is prepared to timely respond to these discovery requests to the extent those requests relate narrowly to the issue of personal jurisdiction that is currently before the Court, and is willing to produce certain documents already collected from Losorea for use in prior litigation regarding this product which will not require Losorea to spend additional time and money to produce at this time.[1] However, to prevent Losorea from making an appearance to defend on the merits of the claim while

its motion to dismiss for lack of personal jurisdiction is currently pending, and similarly to prevent the potentially premature expenditure of significant time and monies in responding to discovery requests related to issues that have no bearing on Losorea's Motion to Dismiss, Losorea requests that the Court stay all discovery unrelated to jurisdictional issues until the resolution of its Motion to Dismiss for Lack of Personal Jurisdiction. No prejudice will result to the Plaintiff as a result of this stay, as there remains nearly eight months to complete discovery following the resolution of Defendant Losorea's Motion to Dismiss should Plaintiff's action go forward.

Losorea additionally requests that two particular depositions be exempted from the requested discovery stay. The primary manufacturers of the products at issue in this action, Fuel Barons Inc. and Napa Home & Garden, Inc., are currently in bankruptcy before the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"). In the Fuel Barons matter, Losorea, along with several other Defendants in similar actions, moved the Bankruptcy Court for relief from automatic stay in order to proceed with certain limited discovery. On June 22, 2012, the Bankruptcy Court entered an Order on Motions for Relief from Stay, which granted Losorea and the other movants a very limited right to get the testimony of Fuel Barons' principals on the record. *See* Bankruptcy Court Order, attached hereto as Exhibit A. The Bankruptcy Court specifically ordered that the depositions of Fuel Barons principals must be completed by September 7, 2012. This limited time period imposed by the Bankruptcy Court requires that this particular discovery may not be postponed by a stay in this matter. Coordinating counsel for Fuel Barons provided only three days of availability to

---

[1] For example, counsel for Losorea is in possession of multiple CDs of documents detailing all correspondence between Losorea and manufacturer Fuel Barons, related to the product, which it is willing

take these depositions: September 5, 6, 7, 2012. Due to Fuel Barons limited availability and the unique nature of the relief from the bankruptcy stay, these depositions could not be scheduled at the convenience of all counsel involved. Nonetheless, opposing counsel in this matter has been provided more than adequate notice of these depositions and would not be prejudiced from their exemption from any discovery at this time. Likewise, Losorea intends to take the depositions of the Fuel Barons representatives for the limited purpose of discovery related to jurisdictional issues, which are currently pending before this Court. Losorea, however, reserves the right that these depositions be used substantively in future proceedings before this Court should its Motion to Dismiss for Lack of Personal Jurisdiction ultimately be denied.

## II. LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(c) gives the Court discretion to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." See FRCP 26(c). "Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court." *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) (suspending discovery "pending disposition of the motion to dismiss" was not an abuse of discretion because the issues relevant to the motion to dismiss "are all questions of law for which factual discovery is not necessary or appropriate"). Similarly, as with the Court's "handling of discovery in other stages of litigation, in the context of a [motion to dismiss for lack of jurisdiction], '[w]e give the district court much room to shape discovery." *Grynberg v. Ivanhoe*

to produce at this point.

*Energy, Inc.*, 2012 U.S. App. LEXIS 14254 (10th Cir. July 12, 2012) (citations omitted).

Courts frequently suspend discovery pending disposition of dispositive motions, such as motions to dismiss. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (upholding district court's decision to staying discovery pending resolution of motion to dismiss); *Anderson v. United States Att'ys Office*, No. CIV.A.91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (affirming district court's decision to stay discovery while determining whether or not defendants were proper parties to the action). *See also Rutherford v. City of Newport News*, 919 F. Supp. 885, 888 (E.D. Va. 1996) (noting that discovery had been stayed while the motion to dismiss was pending).

In this case, Plaintiff does not require any discovery beyond certain jurisdictional interrogatories and requests for documents to respond to Losorea's Motion to Dismiss, and a stay of discovery at this time could potentially avoid significant litigation costs for Losorea, as well as an inevitable and prolonged discovery dispute for the Court. A stay of discovery would also prevent Losorea from having to defend this case on the merits prior to being heard on its Motion to Dismiss for Lack of Personal Jurisdiction. Further, a stay of discovery of would be of no prejudice to the Plaintiff in this matter as trial is currently scheduled for nearly a year away. In the interest of judicial economy, this Court should enter a protective order staying all discovery, but for discovery related to the narrow issue of personal jurisdiction, until disposition of Losorea's Motion to Dismiss for Lack of Personal Jurisdiction. In so requesting, Losorea additionally asks

that the Court also exempt the depositions of Fuel Barons principals noticed by Losorea for September 5,6, 7, 2012, and mandated by the order of the United States Bankruptcy Court for the Northern District of Georgia, from this stay of discovery.

**III. CONCLUSION**

For the foregoing reasons, Defendant, Losorea requests that the Court stay all discovery in this matter unrelated to issues of personal jurisdiction, until the disposition of Losorea's Motion to Dismiss for Lack of Personal Jurisdiction, and enter a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to this effect, together with such additional relief that this Court deems appropriate.

Dated: August 8, 2012

Respectfully submitted,

/s/

Melissa Wolf Riley (VSB No. 43316)
C. Paige Bobick (VSB No. 75599)
**McGUIREWOODS, LLP**
310 Fourth Street, N.E., Suite 300
P.O. Box 1288
Charlottesville, VA 22902
Telephone: (434) 977-2593
Fax: (434) 980-2222

*Counsel for Losorea Packaging, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| JANET L. OSBORNE, M.D., FACOG, FAC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 7:12-cv-00099 |
| BED BATH & BEYOND, INC., and LOSOREA PACKAGING, INC. | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2012, I filed the foregoing with the CM/ECF system of this Court which will provide electronic notice to the following:

C. Kailani Memmer
GUYNN, MEMMER & DILLON PC
415 S. College Avenue
Salem, VA 24153
540-387-2320 (phone)
540-389-2350 (facsimile)
Kai.memmer@gmdlawfirm.com

Melissa Walker Robinson
GLENN, ROBINSON & CATHEY, PLC
Suite 100, Fulton Motor Lofts
400 Salem Ave. SW
Roanoke, VA 24016
540-767-2206 (phone)
540-767-2220 (facsimile)
mrobinson@glennrob.com

Johneal Moore White
GLENN, ROBINSON & CATHEY, PLC
Suite 100, Fulton Motor Lofts
400 Salem Ave. SW
Roanoke, VA 24016
540-767-2206 (phone)
540-767-2220 (facsimile)
jwhite@glenrob.com

David W. Hearn, Justin W. Ward
SANDS ANDERSON, PC
1111 East Main Street, Suite 2400
Richmond, VA 23219-1998
804-783-7285 (phone)
804-783-7291 (facsimile)

/s/________________
C. Paige Bobick