IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JANET L. OSBORNE, M.D., FACOG, FACS,  )
                                                            )
     *Plaintiff*,  )
                                                            )
v.  )   Case No.: 7:12cv00099
                                                            )
BED BATH & BEYOND INC.  )
*and*  )
LOSOREA PACKAGING INC.  )
                                                            )
     *Defendants*.  )

## PLAINTIFF JANET OSBORNE'S RESPONSE IN OPPOSITION TO DEFENDANT LOSOREA PACKAGING, INC.'S MOTION TO STAY

Plaintiff Janet L. Osborne, M.D. ("Osborne"), by counsel, files this Response in Opposition to Defendant Losorea Packaging, Inc.'s ("Losorea") Motion to Stay on the following grounds:

1. This product liability action arises from burn injuries sustained by plaintiff Osborne on June 3, 2011 after "FIREGEL" exploded from a "firepot" near where she was seated on the deck of her home. The burning gel landed on her leg, abdomen, and arm causing severe second degree burns to two-thirds of her left thigh, and less serious burns to her stomach and left hand. Osborne's accident was one of many involving the FIREGEL which occurred during the summer months of 2010 and spring months of 2011, causing the U.S. Consumer Product Safety Commission ("CPSC") to issue a recall of the fuel gel on June 22, 2011. The articles attached as *Exhibit A* provide a description of the nature of the products in question, as well as the scenario for the accidents which began occurring after their sale to the general public. Attached as *Exhibit B* is a copy of the CPSC's Advanced

1

Notice of Proposed Rulemaking, published in December of 2011, regarding the products at issue. Therein, among other things, the CPSC discusses its finding that the labeling and warnings on the FIREGEL "do not effectively address the hazards posed by gel fuel."

2. The defendants in this case, Bed Bath & Beyond, Inc. ("BBB") and Losorea, are two of the corporations involved in the manufacture, packaging, labeling, and sale of the FIREGEL at issue in this litigation. Two other companies, Napa Home & Garden, Inc. and Fuel Barons, Inc. were also involved in the design and manufacture of the product. Both of these companies have filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia. Pursuant to the respective Orders of the bankruptcy court in each proceeding, all available insurance proceeds issued to these corporations are being utilize to compensate victims of the products, however, these courts have expressly recognized the inadequate sums available to satisfy pending claims, such that distribution on a pro-rata basis will be necessary. The very quick liquidation of assets of these companies and severe limitations in available insurance have caused the plaintiff herein to act expeditiously to file this action and proceed against BBB and Losorea, both of whom likewise have numerous claims arising from these products and limited insurance coverage applicable to the claims.

3. Due to Losorea's participation in bankruptcy proceedings, and defense of other claims, it has evidence available to it which has already been collected and analyzed. Although it has a pending Motion to Dismiss on jurisdictional grounds, during the parties' Rule 26(f) Conference, it was the understanding of plaintiff Osborne's counsel that both BBB and Losorea would likely be able to produce all such evidence in their Rule 26 Disclosures and written discovery responses, because the information/documentation was already gathered and readily available. Accordingly, although Losorea has a jurisdictional issue

pending, proceeding with discovery appears to pose no additional or unreasonable burden upon it.

    4.    Despite plaintiff Osborne's expectations, in its Rule 26 Disclosure, Losorea produced no documentation and instead elected to list broad categories of evidence within its possession. Subsequently, it then noticed the depositions of two representatives of Fuel Barons, Inc. to take place on September 5 – 7, 2012 in accordance with a partial lifting of the stay by the Bankruptcy Court.[1] Despite presumably already having equal information with Fuel Barons on the jurisdictional issue, Losorea limited its Notice of Deposition to just those issues. Now, in response to plaintiff Osborne's written discovery including a Request for Production seeking all documents referenced in Losorea's Rule 26 Disclosure, Losorea is contending that plaintiff Osborne should be precluded from conducting discovery against it. In the event that this Court does not rule upon the pending Motion to Dismiss but instead allows discovery on the jurisdictional issue as contemplated by the parties, plaintiff Osborne respectfully urges this Court to deny Losorea's Motion to Stay as the exigency of developing evidence regarding the product is significant in this matter.

    5.    When weighing the relative burden on Losorea against the likely prejudice which plaintiff Osborne will suffer if this case does not move forward expeditiously, the plaintiff respectfully urges this Court to deny defendant Losorea's Motion to Stay and allow plaintiff to proceed with discovery such that the trial of this case can take place on the dates currently reserved of July 29 - 31, 2013.

---

[1] Losorea notified plaintiff Osborne last week of its intention to take these depositions.

## CONCLUSION

For these reasons, plaintiff Janet L. Osborne asks this Court to deny the pending Motion and allow discovery to proceed herein.

*Respectfully submitted,*

JANET L. OSBORNE, M.D., FACOG, FACS


By: /s/ MELISSA W. ROBINSON
Melissa W. Robinson, Esquire (VSB #29065)
Johneal M. White, Esquire (VSB #74251)
Attorney for Janet Osborne
GLENN ROBINSON & CATHEY PLC
Fulton Motor Lofts
400 Salem Avenue, S.W. - Suite 100
Roanoke, Virginia 24016
(540) 767-2200 – Phone
(540) 767-2220 – Fax
mrobinson@glennrob.com – Email

*and*

C. Kailani Memmer, Esquire (VSB #34673)
Guynn, Memmer & Dillon, P.C.
415 S. College Avenue
Salem, Virginia 24153
(540) 387-2320 - Phone
(540) 389-2350 – Fax
kai.memmer@gmdlawfirm.com - Email

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David W. Hearn, Esquire
Justin W. Ward, Esquire
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA 23219-1998
    *Counsel for Bed Bath & Beyond, Inc.*

C. Paige Bobick, Esquire
Melissa Wolf Riley, Esquire
McGUIREWOODS, LLP
310 Fourth Street, N.E., Suite 300
Post Office Box 1288
Charlottesville, VA 22902
    *Counsel for Losorea Packaging, Inc.*

By: /s/ MELISSA W. ROBINSON