IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

JANET L. OSBORNE, M.D., FACOG, FACS,

    Plaintiff,

v.                                                          Civil Action No. 7:12cv99

BED BATH & BEYOND, INC. and
LOSOREA PACKAGING, INC.

    Defendants.

## SUPPLEMENTAL BRIEF SUPPORTING BED BATH & BEYOND, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

    The Court convened a hearing on August 13, 2012, to address the Rule 14(a)(1) motion filed by Bed Bath & Beyond, Inc. ("BBB") requesting leave to file a third-party action asserting indemnity and contribution claims against the companies that manufactured and distributed the "FIREGEL" and "firepot" underlying in the Plaintiff's product liability action. During the hearing, the Court requested supplement briefs addressing whether an Order entered by the United States Bankruptcy Court for the Northern District of Georgia on August 10, 2012, impacted BBB's Rule 14(a)(1) motion.

    The Bankruptcy Court's recent Order has absolutely no bearing on BBB's pending motion, and therefore, the Court should grant BBB's request for leave to file a Third-Party Complaint against NHG Liquidation, Inc. f/k/a NAPA Home & Garden, Inc. ("NAPA") and Fuel Barons, Inc. ("Fuel Barons"), the corporations that designed and wholesaled the products underlying the Plaintiff's lawsuit.

#### I.     Argument

The Order at issue relates to the pending Chapter 11 bankruptcy proceeding filed by NAPA, the company that distributed these products. The Court adjudicating NAPA's Chapter 11 bankruptcy established a procedure to distribute available insurance funds to a group of individuals or creditors asserting personal injury claims related to the type of products at issue in the Plaintiff's lawsuit. As a part of that procedure, the Bankruptcy Court appointed a Third-Party Neutral to make recommendations for the pro rata distributions to certain claimants who elected to participate in the Bankruptcy Court's Voluntary Claims Program.

The August 10, 2012, Bankruptcy Court Order simply grants the Trustees' motion to allow distribution of the insurance proceeds that comprise a portion of the bankruptcy estate in accordance with the Third-Party Neutral's recommendations. That bankruptcy claim structure has absolutely no effect on the Plaintiff's action in this Court, or BBB's cause of action against NAPA and Fuel Barons for indemnity and contribution. As a threshold matter, the Order relates only to NAPA, not the manufacturer, Fuel Barons. Accordingly, the Order has no impact on BBB's legal claims against Fuel Barons or its motion requesting that the Court grant leave to assert those legal rights through BBB's proposed Third-Party Complaint.

Nor does the Order affect BBB's request to assert a Third-Party Complaint against NAPA seeking relief for contractual and common law indemnity. The recent Order merely grants the Trustees' request to distribute insurance funds in accordance with the Third Party Neutral's recommendations. Contrary to Osborne's assertions, the Order itself contains no language stating that the Plaintiff's legal claims against NAPA are extinguished by the Bankruptcy Court's actions approving a limited distribution of available insurance. And Osborne offers no evidence that she has chosen to participate in the distribution itself. Moreover, the Order specifically

provides in paragraph 13 that "[W]ith respect to all Personal Injury Claimants who receive distributions from the Estate, *neither the awards nor the award allowances of bankruptcy claims shall have res judicata, collateral estoppel or any other preclusive effect in any proceedings other than this bankruptcy case*, including, but not limited to, any pending or future civil actions in non-bankruptcy forms for personal injury and/or property damage allegedly related to Debtor's products, except as for purposes of set-off according to any applicable in the respective jurisdictions."

Thus, the terms of the Order itself make clear that the Bankruptcy Court's actions have no preclusive bearing on BBB's legal claims against NAPA and its attendant motion requesting leave to assert those claims in this lawsuit.

## II.   Conclusion

For the reasons stated, BBB requests that the Court grant its Rule 14(a)(1) motion to assert third-party claims against NAPA and Fuel Barons.

BED BATH & BEYOND, INC.

By Counsel

/s/   David W. Hearn
David W. Hearn (VSB No. 37347)
Justin W. Ward (VSB No. 48893)
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA  23219-1998
804-783-7285 – phone
804-783-7291 – fax
*Counsel for Bed Bath & Beyond, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Supplemental Brief Supporting Bed Bath & Beyond, Inc.'s Motion for Leave to File Third-Party Complaint was filed electronically with the Court, and that according to the Court's rules of electronic filing the following counsel of record were notified on August 20, 2012:

*Co-Counsel for the Plaintiff:*

Melissa W. Robinson
Johneal M. White
Glenn Robinson & Cathey
400 Salem Avenue, SW, Suite 1000
Fulton Motor Lofts
Roanoke, VA 24016

C. Kailani Memmer
Guynn Memmer & Dillon, PC
415 South College Avenue
Salem, VA 24153

*Counsel for Losorea Packaging, Inc.:*

C. Paige Bobick
Melissa Wolf Riley
McGuire Woods LLP
Court Square Building, Suite 300
310 Fourth Street, NE
Charlottesville, VA 22902-1288

/s/ David W. Hearn
David W. Hearn

{W1990886.1}

4