IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division


JANET L. OSBORNE, M.D., FACOG, FACS,

       Plaintiff,

v.                                                Civil Action No. 7:12cv99

BED BATH & BEYOND, INC. and
LOSOREA PACKAGING, INC.

       Defendants.


**BED BATH & BEYOND, INC.'S**
**RESPONSE OPPOSING PLAINTIFF'S MOTION TO COMPEL**

Bed Bath & Beyond, Inc. ("BBB"), by counsel, submits this brief opposing the Plaintiff's

Motion to Compel filed on September 11, 2012.

**I.    Argument**

The Plaintiff's Motion to Compel against BBB seeks an Order from this Court requiring

BBB to amplify or change certain discovery responses. The Court should deny the Plaintiff's

request because Osborne did not comply with the Local Rules and her motion otherwise fails to

articulate a sufficient factual or legal basis.

**A. The Court should deny the Plaintiff's motion because she failed to comply with**
**Local Rule 11(c).**

The Plaintiff filed a three-page motion asking that the Court compel BBB to change or

supplement its responses to seven discovery requests. That document provides no factual or

legal authority supporting her claim that BBB's answers to Plaintiff's Interrogatories 5, 12, 15,

and 19, or its responses to Plaintiff's Requests for Production 18 and 36, are deficient, improper

or require supplementation. Osborne's unsupported, conclusory motion violates this Court's

{W2077471.1}

requirement that the moving party adequately describe the factual and legal basis for a discovery sanction. Moreover, the Plaintiff also failed to file a supporting brief in accordance with Local Rule 11(c)(1) outlining the facts and authorities supporting her motion. Having failed to comply with the Court's mandatory requirement, the Court should deny the Plaintiff's motion outright.

**B. The Plaintiff fails to establish any deficiencies sufficient to warrant compelling different discovery responses from BBB.**

The Plaintiff offers no factual support whatsoever for her sweeping and unfounded assertion that "BBB has engaged in a concerted effort to distort its role in the labeling, distribution, sale and knowledge of injuries relating to the NAPA FIREGEL" at issue in this products liability action. Notwithstanding that baseless accusation, BBB produced to the Plaintiff over 40,000 pages of documents with its initial Rule 26 Disclosures[1] and in response to the Plaintiff's discovery requests. Osborne's motion is devoid of any explanation for why she believes the responses to her Interrogatories 5, 12, 15 and 19 and Requests for Production 18 and 36 are incomplete. And a simple review of BBB's responses to those questions demonstrates that the Plaintiff's motion is completely unfounded.

### 1. *BBB's Answer to Plaintiff's Interrogatory 5.*

Osborne does not explain why BBB's answer to Interrogatory 5 is "vague" or requires supplementation. That question seeks information about other similar incidents or injuries involving the types of products at issue in this product liability action. BBB produced to the Plaintiff copies of documents filed in the bankruptcy proceeding for the product manufacturer, Fuel Barons, Inc. Those materials include information gathered by the manufacturer about other reported incidents involving these products. BBB also produced to the Plaintiff copies of the United States Consumer Product Safety Commission ("USCPSC") records that detail all reported

---

[1] A copy of BBB's Rule 26 Disclosures is attached as Exhibit A.

injuries involving these products.  BBB's answer to Interrogatory 5 identifies these materials and states very clearly that these documents — created by the actual manufacturer and the United States government — identify all known reported incidents involving the products.  There is nothing vague or incomplete about that answer, and this information is equally available to the Plaintiff, who has independent access to both sets of documents as well as other public information regarding incidents involving these products.  Consequently, the Plaintiff cannot establish her spurious assertion that BBB's answer to Interrogatory 5 is vague, incomplete or conceals anything.  The Court should deny the motion to compel accordingly.

Moreover, when BBB posed essentially the same question to the Plaintiff seeking information about the Plaintiff's knowledge of other similar incidents involving the products, Osborne answered that question by referring generally "to the USCPSC records," "newspaper articles," and "other suits filed."[2]  Plainly, Osborne believes it is sufficient to refer to other documents to quantify her own knowledge about other similar incidents, but asserts it is improper for BBB to do the very same thing.  That inconsistency belies the absence of any credible basis for the Plaintiff's complaint about BBB's answer to Interrogatory 5.

## 2. *BBB's Answer to Plaintiff's Interrogatory 12.*

The Plaintiff's Interrogatory 12 asks for information about BBB's inspection and testing of the products at issue.  BBB answered that interrogatory by identifying specific documents produced with BBB's Rule 26 Disclosures that relate to BBB's examinations of these products. BBB also provided specific information about its vendor compliance guidelines and the testing requirements in BBB's vendor compliance guidelines.  The Plaintiff does not articulate any basis supporting her entirely conclusory accusation that this interrogatory response is somehow vague,

---

[2] A copy of the Plaintiff's answer to BBB's Interrogatory 12 is attached as <u>Exhibit B</u>.

incomplete or requires supplementation. Therefore, the Court should deny the Plaintiff's request because BBB appropriately answered this question.

### 3. *BBB's Answer to Plaintiff's Interrogatory 15.*

The Plaintiff's Interrogatory 15 asks for information related to BBB's acquired right to sell the products involved in this lawsuit. In its answer, BBB identified the most knowledgeable witnesses on that issue. BBB also produced to the Plaintiff thousands of documents related to BBB's interactions with the product distributor, its pre-sale activities, and its product sales. That information is more than sufficient to answer the Plaintiff's interrogatory, and the Plaintiff has not explained why BBB's answer is insufficient based on the question posed. Accordingly, the Court should deny the Plaintiff's motion on this interrogatory.

### 4. *BBB's Answer to Plaintiff's Interrogatory 19.*

This interrogatory asks BBB to identify the BBB employees with "primary or major responsibilities" for sales of these products. BBB's answer — quite clearly — states that the most knowledgeable employees were specifically identified in BBB's earlier Rule 26 Disclosures.[3] So there is no discernible basis for the Plaintiff to complain that BBB failed to do so, or that this clear answer somehow requires more clarification.

### 5. *BBB's Response to Plaintiff's Request for Production 18.*

The Plaintiff merely asserts that BBB's response to Request for Production 18 is incomplete and requires supplementation, and fails to identify any actual facts, authority or argument to support that claim. Request 18 seeks documents related to any investigation of the Plaintiff's accident and the specific products involved in this lawsuit. BBB produced the documents in its possession related to Osborne's accident and the specific products involved in her accident. Those materials consist of the USCPSC records. BBB has confirmed to Osborne

---

[3] *See* Exhibit A, paragraphs (A)(5), (6), (8), (9) and (10).

that these are the only documents in its possession related to the Plaintiff's accident and the products involved in that accident.[4]  Yet Osborne refuses to withdraw her motion with respect to this request.  Clearly, the Plaintiff has no legitimate basis to assert that BBB's response is incomplete and the Court should deny the motion accordingly.

### 6.  *BBB's Response to Plaintiff's Request for Production 36.*

The Plaintiff's motion challenging BBB's response to Request for Production 36 suffers the same shortcomings.  Osborne has not explained why the response is deficient, offers no legal authority for her position, and apparently cannot demonstrate why it would be appropriate for the Court to require supplementation of the response provided.  In fact, BBB's answer itself shows the Plaintiff's complaints are meritless.  This request asked BBB to produce all documents related to the Plaintiff's injuries and her accident.  Again, BBB specifically answered that all responsive documents were produced with its Rule 26 Disclosures and include the medical records and USCPSC documents already in the Plaintiff's possession.  BBB also explained in its September 12, 2012 letter to Osborne's attorney that all remaining documents responsive to this request entail privileged attorney-client communications.  So the Plaintiff's motion to compel should be denied.

### 7.  *BBB's Answer to Plaintiff's Interrogatory 17.*

The one, single articulated argument in the Plaintiff's motion relates to Interrogatory 17. The Plaintiff asks the Court to overrule BBB's objection to this question and compel a response. While correcting citing the general legal principle that an interrogatory is not objectionable just because it asks for an opinion or the application of a legal principle to facts, the Plaintiff overlooks the critical deficiencies in the question she actually posed.

---

[4] A copy of the September 12, 2012 letter to Osborne's attorney is attached as Exhibit C.

BBB objected to Plaintiff's Interrogatory 17 on various grounds, including that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The broad, unrestricted language in Interrogatory 17 solicits BBB's opinion about the nature and condition of the products that BBB formed well after they were sold to the Plaintiff. BBB's conduct and opinions after selling the products to the Plaintiff involve wholly irrelevant facts that will never reasonably lead to admissible evidence. Additionally, the question impermissibly asks for BBB's apparent opinion about whether the products were "unreasonably dangerous." The appropriate legal standard is whether the products were defective, not the undefined term framed in this Interrogatory. Therefore, the question improperly mischaracterizes Virginia law as it relates to the Plaintiff's product liability claim. And BBB's personal opinion about whether the products are "unreasonably dangerous" formed in an undefined time arguably well after the Plaintiff's injuries occurred, is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.

The question also fails to define whether it seeks an opinion that the product is "unreasonably dangerous" when used in accordance with the manufacturer's instructions and warnings, whether it is "unreasonably dangerous" regardless of those instructions, whether it is an inherently "unreasonably dangerous" product, or whether the question relates to one product or both. Virginia law does not proscribe selling "dangerous" products, and the Plaintiff's interrogatory fails to recite the appropriate and correct legal standards for the lay opinions solicited. Simply put, the Plaintiff asked a flawed question and cannot complain that the interposed objections are improper or that BBB should be compelled to answer the question as it is written. For all of these reasons, the Plaintiff's motion to compel an answer to this interrogatory should be denied.

## II.   Conclusion

For the reasons stated, BBB requests that the Court deny the Plaintiff's motion to compel in its entirety.


BED BATH & BEYOND, INC.

By Counsel


/s/  *David W. Hearn*
_____
David W. Hearn (VSB No. 37347)
Justin W. Ward (VSB No. 48893)
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA  23219-1998
(804) 783-7285 – phone
804-783-7291 – fax
dhearn@sandsanderson.com

7

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Response Opposing Plaintiff's Motion to Compel was filed electronically with the Court and mailed first class, postage pre-paid, on the 24th day of September, 2012, to the following counsel of record:

*Co-Counsel for the Plaintiff:*

Melissa W. Robinson
Johneal M. White
Glenn Robinson & Cathey
400 Salem Avenue, SW, Suite 1000
Fulton Motor Lofts
Roanoke, VA  24016

C. Kailani Memmer
Guynn Memmer & Dillon, PC
415 South College Avenue
Salem, VA  24153

*Counsel for Losorea Packaging, Inc.:*

C. Paige Bobick
Melissa Wolf Riley
McGuire Woods LLP
Court Square Building, Suite 300
310 Fourth Street, NE
Charlottesville, VA  22902-1288


                                        */s/  David W. Hearn*
                                        David W. Hearn