UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JANET L. OSBORNE, M.D., FACOG, FAC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 7:12-cv-00099 |
| BED BATH & BEYOND, INC., and LOSOREA PACKAGING, INC. | ) ) ) | |
| Defendants. | ) | |

**LOSOREA PACKAGING, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Defendant, Losorea Packaging, Inc. ("Losorea"), by counsel, and sets forth the following opposition to Plaintiff Janet L. Osborne's ("Dr. Osborne" or "Plaintiff") Motion to Compel. For the reasons set forth below, this Court should deny Plaintiff's Motion to Compel.

**I.     INTRODUCTION and BACKGROUND**

Plaintiff's Opposition is no more than an attempt to vilify Losorea and impose upon it the testimony of a third party witness, whose deposition is still pending in the United States Bankruptcy Court for the Northern District of Georgia. Though discovery in this case has just begun, and will not conclude until April 30, 2013, the Plaintiff makes very serious allegations in its Motion of a "concerted effort" by Losorea to "distort its role in the design and manufacture" of the product as issues in this products liability case.

Losorea takes exception to this ad hominem attack which fails to take into consideration the federal rules regarding discovery, and the posture of the case at this time.

Indeed, Plaintiff's Motion to Compel cites no real deficiencies in Defendant's discovery responses, rather the Plaintiff simply expresses its disagreement, or perhaps discontent, with the full and complete responses which Losorea provided. Plaintiff fails to make any legal argument as to why Defendant's responses are incomplete and in fact uses documents produced by Losorea itself as exhibits to support its flawed Motion to Compel further discovery responses from Defendant. Defendant's discovery responses cannot be deemed incomplete merely because Plaintiff disagrees with the content of its answers.

On August 8, 2012, Losorea filed a Motion to Stay Discovery pending resolution of its Motion to Dismiss for Personal Jurisdiction, seeking to avoid the added expenses of fact investigation and document review while a dispositive motion was pending. At oral argument on this motion on August 13, 2012, the Court ruled that discovery would proceed as scheduled despite Losorea's pending Motion to Dismiss. In so ruling, the Court took into account Losorea's representation that it was already in possession of two sets of documents potentially responsive to Defendant's requests, both documents from Losorea and Fuel Barons, Inc. ("Fuel Barons"), which it was willing to produce in response to Plaintiff's discovery requests, whether the Motion to Stay was granted or not. At Plaintiff's request, counsel for Losorea sent both sets of these documents to Plaintiff's counsel as soon as practicable following the Court's August 13, 2012, ruling. The vast majority of the documents were documents produced by a third party (Fuel Barons), and at the time those documents were produced by Losorea to Plaintiff, Losorea had not even

had an opportunity to review them, and Plaintiff was well aware of that fact, and requested production of all of the documents nonetheless. Plaintiff now complains of this very production, which it specifically requested, lamenting in its Motion to Compel that "Losorea produced approximately 45,000 documents to Plaintiff Osborne, at a significant expense to Plaintiff Osborne, for review."[1]  *See* Pl. Mtn. Compl. at 4. Even more ironic, Plaintiff relies on the very documents produced as Exhibits in support of its Motion to Compel.

This case is currently in the most nascent stage of discovery. The parties have exchanged and responded to discovery requests and trial is currently scheduled in this matter for July 29-31, 2013. Losorea's factual investigation into this matter is just beginning and it continues to meticulously review even those documents it previously produced to the Defendants. Furthermore, the depositions of Fuel Barons corporate representatives, the testimony of which Plaintiff relies on nearly exclusively in support of her Motion to Compel, are still open and set to continue from September 24-27, 2012. The certified copies of the transcripts of the completed portion of these depositions are not yet available, making any allegation as to the actual testimony of these witnesses hearsay at the very best. Thus, aside from its legal deficiencies, Plaintiff's Motion to Compel is hardly appropriate at this time. Moreover, in accordance with the ongoing nature of discovery, Losorea intends to supplement its responses throughout the discovery period as additional information becomes available. Losorea has to this point provided full and complete responses to Plaintiff's discovery requests based on the

---

[1] The document production itself was at no cost to Plaintiff; the only cost Plaintiff incurred was the time it spent reviewing the production. Losorea is aware of no requirement that it engage in document review for the benefit of the opposing party, particularly when the opposing party specifically requested the documents produced.

3

information currently available to it. While Plaintiff may not like the responses Losorea has provided, that does not make those responses factually incorrect, or deficient under Virginia law. Accordingly, Plaintiff's Motion to Compel should be denied.

## II. ARGUMENT

### A. PLAINTIFF'S INAPPROPRIATE RELIANCE ON THE ALLEGED TESTIMONY OF FUEL BARONS' REPRESENTATIVE GENE HAMMOND

As described above, Plaintiff's Motion to Compel is almost entirely based on her own loose interpretation of the testimony of a third party witness and the alleged conflict between that testimony and the discovery responses provided by Losorea. Plaintiff's Motion to Compel is completely bereft of any legal argument on this premise as there is indeed none to make. Simply because Plaintiff does not agree with Losorea's responses does not make those responses inherently incomplete.

Plaintiff extensively references the testimony of Fuel Barons corporate representative, Gene Hammond, in its Motion to Compel. Mr. Hammond was deposed on September 5-7, 2012 pursuant to a relief from stay in the Fuel Barons bankruptcy matter granted by the United States Bankruptcy Court for the Northern District of Georgia. Fuel Barons is one of the primary manufacturers of the products at issue in this products liability action. Fuel Barons contracted with Losorea to package a FIREGEL product at least similar to the one that allegedly caused the Plaintiff's injuries. Fuel Barons filed for bankruptcy shortly after the onslaught of litigation related to its FIREGEL product. Losorea, along with several other Defendants in similar actions, moved the Bankruptcy Court for relief from automatic stay in order to proceed with certain limited discovery related to Fuel Barons. The September 5-7, 2012 depositions

4

were part of the relief from stay ordered by the Bankruptcy Court.  Though the Court ordered that the depositions of the Fuel Barons representatives must be completed during this three day period, those depositions were not completed as scheduled due to the sheer number of attorneys waiting to depose each corporate representative.  Having received further relief from the Bankruptcy Court, these depositions are scheduled to continue on September 24-27, when the deposition of Fuel Barons representative Gene Hammond will be completed and the deposition of Fuel Barons representative Alan Lewinger is intended to take place in its entirety.  As represented above, at this time, the certified copy of the transcript of the September 5-7, 2012 depositions is not yet available.

Despite the lack of an official transcript to cite, Plaintiff in its Motion to Compel makes extensive representations as to the content of Gene Hammond's testimony.  Losorea represents to the Court that Plaintiff's "interpretation" of Gene Hammond's testimony leaves much to be desired, and is quite different from the recollection of counsel for Losorea, who also attended these depositions in person and/or via videoconference.  Rather than attempt to "out paraphrase" Plaintiff in its loose interpretation of Mr. Hammond's testimony, Defendant will represent to the Court only that Plaintiff's implication that Losorea was heavily involved in the development and supply chain of Fuel Baron's FIREGEL is exaggerated, and one e-mail in which a third party implies otherwise does not automatically render Losorea's response incorrect or a "distortion."  Plaintiff's contentions are based on an imprecise representation of Gene Hammond's testimony.  Furthermore, Plaintiff seems to imply that the testimony of Gene Hammond is somehow superior or more valid than Losorea's sworn affidavit and

discovery responses. There is absolutely no support for this contention in law or otherwise.

Finally, Plaintiff relies on a very limited number of documents as Exhibits in support of its Motion to Compel. Ironically, those very documents were produced by Losorea in response to Plaintiff's discovery requests. It's difficult to fathom how Plaintiff can claim Losorea's discovery responses are incomplete by using the very documents produced by Losorea as evidence of their deficiency. Losorea made every effort to turn these voluminous documents over to Plaintiff in a timely manner, even in advance of its formal discovery responses and before it had concluded its own review of many of the documents, at the behest of the Plaintiff. Now Plaintiff seeks to rebuke Plaintiff for turning over in total the very documents it requested.

Under any analysis, Losorea has responded fully and completely to each of Plaintiff's discovery responses based on the information available to it at the time. The fact that Plaintiff would rather Losorea's responses be different does not provide adequate grounds for a Motion to Compel.

### B. DISCOVERY IS ONGOING AND LOSOREA WILL SUPPLEMENT ITS RESPONSES WHEN AND IF APPROPRIATE

As aforementioned, discovery is in its initial stages at this time. With nearly seven months to go before the close of discovery, each party will have significant time to conduct extensive factual investigations into this matter. Indeed, Losorea's discovery responses served on August 27, 2012 represent just weeks of initial investigation into this case. As Losorea provided in its initial objections accompanying these discovery responses, "[d]iscovery is ongoing, and Losorea reserves the right to supplement its responses if and when additional relevant information is discovered."

At this time, Losorea continues to review documents and conduct its ongoing factual investigation. In accordance with Federal Rule of Civil Procedure 26(e), Losorea has every intention of supplementing its discovery responses should additional relevant information become available. FRCP 26(e)(1)(A) provides that a party must supplement or correct its discovery responses

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

*See* FRCP 26(3)(1)(A). To date, Losorea has not learned of any information that it believes make its discovery responses materially incorrect or incomplete under Rule 26.

Like the Plaintiff, the September 5-7, 2012 depositions were also Losorea's first opportunity to hear the testimony of the Fuel Barons' corporate representatives.[2] These depositions remain open and will be completed on September 24 –September 27, 2012. At this time, the certified transcript of the testimony already in the record is not yet available. Despite this fact, Plaintiff insists on providing the Court her own recollection of the three days of testimony by Mr. Hammond. Losorea disagrees with Plaintiff's recollection of Mr. Hammond's testimony and further represents to the Court that it believes some of Mr. Hammond's testimony to be disingenuous at best. Nonetheless, should additional information be revealed upon completion of the Fuel Barons depositions, or any depositions taken in the case, that materially affect Losorea's discovery responses it will supplement its discovery at the appropriate time. Until that time when such material information is uncovered, if ever, Losorea believes it is in full

---

[2] Because of the large number of claims and the pending bankruptcies of both NAPA and Fuel Barons, discovery in this case has not proceeded in the manner that one generally comes to expect. No other depositions have been taken to date.

7

compliance with the rules governing discovery in this Court, and therefore, Plaintiff's Motion to Compel is wholly without merit.

The appropriate way for Plaintiff to "challenge" the discovery responses that it believes to be inaccurate or inadequate is for her to take the deposition of Losorea's corporate representative pursuant to Rule 30. Any contrary information provided by Losorea at that deposition would trigger the supplementation requirement. Instead, Plaintiff wants to put words into Losorea's mouth using Plaintiff's counsel's hearsay interpretation of testimony provided by a third party. The Plaintiff's actions are inappropriate, and serve no purpose other than to attempt to influence the Court against Losorea, and as a result, the Court should deny the Plaintiff's Motion to Compel.

### C. PLAINTIFF HAS NOT MADE A GOOD FAITH EFFORT TO RESOLVE THE DISCOVERY DISPUTE WITHOUT COURT INVOLVEMENT.

Contrary to Plaintiff's representation in her brief that she has "in good faith attempted to resolve these issues with defendant" (Pl. Mot. to Compel at p. 1), Plaintiff has not addressed the vast majority of the issues raised in her motion with Losorea's counsel. The only communications between Plaintiff and Losorea regarding discovery disputes are attached at Exhibit A, and consist of a one paragraph letter from Plaintiff's counsel, and Losorea's two-page response, which included supplementation of all but one of the contested discovery responses. At no point did Plaintiff ever contact Losorea regarding the information allegedly testified to at the on-going Fuel Baron's deposition, which is the bulk of Plaintiff's Motion to Compel. As a result, Plaintiff's certification to the Court, which is required by FRCP 37, is not accurate, and the Motion to Compel is premature, inappropriate, and must be denied.

### D. INTERROGATORY 16 IS INAPPROPRIATE AND THE OBJECTION SHOULD BE SUSTAINED.

Finally, Plaintiff has moved to compel an answer to its interrogatory number 16, which asks Losorea to opine on whether it currently considers the FIREGEL product to be unreasonably dangerous. First, this interrogatory is asking for a legal conclusion and impermissible opinion from a party that is not an expert in such matters. Second, the poorly worded question appears to ask Losorea's *current* opinion, not its opinion at the time it was packaging the product in question, which would be the relevant time period. What Losorea believes on this topic *now* is not relevant to the issues in this case, and would not be likely to lead to the discovery of admissible evidence. Finally, the interrogatory is vague, as it does not define the term "unreasonably dangerous." What a lay party may consider unreasonably dangerous might be completely different from what an expert or a plaintiff's attorney would consider to be the same.

For all these reasons, the interrogatory is objectionable, and Losorea's objection should be sustained.

### III. CONCLUSION

For the foregoing reasons, Losorea respectfully requests that this Court deny Plaintiff's Motion to Compel.

Dated: September 24, 2012

Respectfully submitted,


<u>/s/  C. Paige Bobick</u>
Melissa Wolf Riley (VSB No. 43316)
C. Paige Bobick (VSB No. 75599)
**McGUIREWOODS, LLP**
310 Fourth Street, N.E., Suite 300
P.O. Box 1288
Charlottesville, VA 22902
Telephone: (434) 977-2598
Fax: (434) 980-2222

*Counsel for Losorea Packaging, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| JANET L. OSBORNE, M.D., FACOG, FAC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 7:12-cv-00099 |
| BED BATH & BEYOND, INC., and LOSOREA PACKAGING, INC. | ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of September, 2012, I filed this document with the Court's CM/ECF system which will provide electronic notice to the following parties:

C. Kailani Memmer
GUYNN, MEMMER & DILLON PC
415 S. College Avenue
Salem, VA 24153
540-387-2320 (phone)
540-389-2350 (facsimile)
Kai.memmer@gmdlawfirm.com

Melissa Walker Robinson
GLENN, ROBINSON & CATHEY, PLC
Suite 100, Fulton Motor Lofts
400 Salem Ave. SW
Roanoke, VA 24016
540-767-2206 (phone)
540-767-2220 (facsimile)
mrobinson@glennrob.com

Johneal Moore White
GLENN, ROBINSON & CATHEY, PLC
Suite 100, Fulton Motor Lofts
400 Salem Ave. SW
Roanoke, VA 24016
540-767-2206 (phone)
540-767-2220 (facsimile)
jwhite@glenrob.com

David W. Hearn, Justin W. Ward
SANDS ANDERSON, PC
1111 East Main Street, Suite 2400
Richmond, VA 23219-1998
804-783-7285 (phone)
804-783-7291 (facsimile)

                              /s/ C. Paige Bobick
                              C. Paige Bobick