IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JANET L. OSBORNE, M.D., FACOG, FACS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 7:12-cv-99 |
| BED BATH & BEYOND, INC. and LOSOREA PACKAGING, INC., | ) ) ) | By: Michael F. Urbanski United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is defendant Bed Bath & Beyond, Inc.'s ("BBB") Motion for Leave to File a Third-Party Complaint (Dkt. # 23) against NHG Liquidation, Inc. f/k/a/ NAPA Home & Garden, Inc. ("NAPA") and Fuel Barons, Inc. ("Fuel Barons"). A hearing was held on August 13, 2012, after which the court took the motion under advisement and requested the parties file additional information on the issue within seven days. Both parties filed supplemental briefs, and the issue is now ripe for adjudication. For the reasons set forth below, BBB's motion (Dkt. # 23) is **GRANTED**.

Rule 14(a)(1) of the Federal Rules of Civil Procedure permits a defendant, as a third-party plaintiff, to file a claim against a "nonparty who is or may be liable to it for all or part of the claim against it." A third-party claim must be derivative of the main claim and is allowable where a third-party plaintiff seeks reimbursement for all or part of what may be potentially owed the plaintiff. See Kohl's Dep't Stores, Inc. v. Target Stores, Inc., 214 F.R.D. 406, 413 (E.D. Va. 2003). "Typically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is

primarily liable. Absent such derivative liability, a third party claim must fail." Watergate Landmark Condo. Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987). "Granting leave to bring a third-party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed." Wright v. Bigger, No. 5:08-CV-62, 2008 WL 4900566, at *1 (N.D. W.Va. Nov. 13, 2008) (citing Baltimore & Ohio R.R. Co. v. Saunders, 159 F.2d 481, 483-84 (4th Cir. 1947)); see also Laughlin v. Dell Fin. Servs., L.P., 465 F. Supp. 2d 563, 565 (D.S.C. 2006) (Rule 14 is to be liberally construed).

In this case, plaintiff has filed a products liability case against BBB for injuries she sustained while using certain products—a "firepot" and "FIREGEL"—sold at BBB's Roanoke store. BBB claims the firepot and FIREGEL at issue were manufactured by Fuel Barons and distributed by NAPA, and that BBB contracted with NAPA to design, manufacture, package, label and supply for retail sale the firepot and FIREGEL products. In its proposed third-party complaint, BBB raises breach of contract and breach of warranty claims against NAPA and Fuel Barons and asserts that if it is held liable to plaintiff for the injuries she sustained, it is entitled to indemnification and/or contribution from these companies. See Dkt. # 23, at Ex. C. Such claims are actionable under Virginia law[1] and are the proper subjects of a third-party complaint. See Lewis v. City of Bluefield, 48 F.R.D. 435, 437 (S.D. W.Va. 1969) ("In determining whether there is a right to indemnity or contribution under the circumstances presented in a particular case, where federal jurisdiction is founded upon diversity, a federal court must apply the law of

---

[1] See, e.g., Va. Code Ann. § 8.01-34 (when contribution among wrongdoers enforced), §§ 8.2-313 (express warranties), 8.2-314 (implied warranty of merchantability), & 8.2-315 (implied warranty of fitness for a particular purpose); Safeway, Inc. v. DPI Midatlantic, Inc., 270 Va. 285, 289, 619 S.E.2d 76, 79 (2005) ("An express indemnity agreement reflects the 'loss distribution agreed to by the contracting parties.'"); Nationwide Mut. Ins. Co. v. Minnifield, 213 Va. 797, 800, 196 S.E.2d 75, 77-78 (1973) ("The right to contribution is based upon the equitable principle that where two or more persons are subject to a common burden it shall be borne equally.").

the state where such court is held." (citing <u>Erie v. Tompkins</u>, 304 U.S. 64 (1938) and <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487 (1941))).

Plaintiff objects to BBB's request to bring in NAPA and Fuel Barons as third-party defendants because both of these companies are engaged in bankruptcy proceedings. In July 2011 and January 2012, NAPA and Fuel Barons, respectively, filed for protection under Chapter 11 of the United States Bankruptcy Code. The United States Bankruptcy Court for the Northern District of Georgia has entered orders granting BBB limited relief from the automatic stay in both cases and authorizing BBB to file a third-party claim against these entities. The bankruptcy court limited discovery to the bankruptcy setting and made clear that BBB cannot enforce or collect any judgment against NAPA or Fuel Barons except by filing proofs of claims in the bankruptcy court. Plaintiff argues that these orders prevent her from asserting claims against the third-party defendants pursuant to Rule 14(a)(3), thereby destroying the derivative nature of the potential third-party claims. To be sure, plaintiff may not be able to assert claims against NAPA and Fuel Barons without first obtaining relief from the automatic stay. This fact, however, has no impact on the derivative nature of the potential third-party claims. Central to the question of whether a third-party claim can be maintained under Rule 14(a) is whether NAPA and Fuel Barons' liability is derivative of, or secondary to, BBB's liability to plaintiff. <u>See</u> <u>Watergate</u>, 117 F.R.D. at 577; <u>see also</u> <u>Laughlin</u>, 465 F. Supp. 2d at 566. In this case, it is.

Additionally, plaintiff argues that an August 10, 2012 order entered by the bankruptcy court is further evidence that the third-party complaint should not be allowed. This order, which was entered only in NAPA's bankruptcy proceeding, approves the trustee's plan for disbursement of insurance proceeds to victims. Plaintiff suggests there is no money left to be

3

distributed, and thus, there is no point in allowing the third-party complaint. But that is not for this court to decide.[2]

Furthermore, the court finds there would not be any undue prejudice to the plaintiff in allowing BBB's third-party claim. Plaintiff contends that because NAPA and Fuel Barons may choose not to participate in this litigation, as the bankruptcy order allows them to do, the jury will be confused by the empty chairs at trial. This issue can be remedied by an instruction from the court. Additionally, the extent of discovery that can proceed as to NAPA and Fuel Barons has been limited by the bankruptcy court and is not likely to result in substantial expense to plaintiff.

In sum, BBB has established that its third-party claim is proper under Rule 14. "One of the primary objectives of third-party procedure is to avoid circuity and multiplicity of actions." Noland Co. v. Graver Tank & Mfg. Co., 301 F.2d 43, 50 (4th Cir. 1962); see also Laughlin, 465 F. Supp. 2d at 565 (the purpose of Rule 14 is to "'accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'" (quoting Deutsche Bank National Trust Co. v. Tyner, 233 F.R.D. 460, 462 (D.S.C. 2006))). In the interest of judicial economy, and because Rule 14 is to be liberally construed, see id., BBB's Motion for Leave to File a Third Party Complaint (Dkt. #23) will be **GRANTED**. An appropriate Order will be entered.

                                      Entered: October 8, 2012

                                      */s/ Michael F. Urbanski*

                                      Michael F. Urbanski
                                      United States District Judge

---

[2] Indeed, the court notes that on September 28, 2012, a stipulated order was entered allowing BBB to file a proof of claim and assert an unsecured claim against NAPA. In re: NHG Liquidiation, Inc., f/k/a Napa Home & Garden, Inc., No. 11-69828-mgd, Dkt. # 494 (Bankr. N.D. Ga. Sept. 28. 2012).

4